# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 454
BAILEY v. WHITMORE
Ohio Appeals, 5th Dist., Knox County
No. 197. Decided Oct. 25, 1923

**45. ADVERSE POSSESSION—Periods of adverse possession of successors in title cannot be tacked when deed does not include land in question.**

HOUCK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

The original action in the Knox .Common Pleas was brought by Cary Whitmore to enjoin Levada Bailey from using a certain strip of ground and a spring of water thereon. Whitmore had title to the strip containing the spring, but Bailey claimed an easement over the strip and to the use of the spring. Bailey had acquired land in the neighborhood by deed, which did not include the strip in question, and claimed the easement by right of prescription on the ground that he and his predecessors in title had open, continuous, adverse and peaceable possession of the easement for more than 21 years. In the Common Pleas, the injunction was granted as prayed for. Bailey prosecuted error. Held:

The injunction was properly granted. Where an occupant claims title under a deed which does not in fact include the land in dispute, his possession thereof cannot be tacked onto the adverse possession of his grantor, in order to make out a title by prescription. Judgment affirmed.

Attorneys—F. O. Levering and Columbus Ewalt, for Bailey; L. C. Stillwell, for Whitmore; all of Mt. Vernon.

No. 455
STATE ex rel SCHOLDER v. SCHOLDER
Ohio Appeals, 9th Dist., Summit County
No. 860. Decided May 8, 1924

**38. ADOPTION—Before Probate Court has jurisdiction to enter an order of, the adoption must have the consent of each parent living at the time of the decree—It may be revoked at any time before the decree has been made.**

WASHBURN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This is a proceeding in habeas corpus in which Jean Scholder, the mother, seeks possession of her child, who is now in the custody of Charles Scholder and his wife, uncle and aunt of the child. An adoption proceeding was brought in the Probate Court by the uncle and aunt, under 8024 GC., and on the same day there was filed the written consent of the mother duly acknowledged and witnessed. Some time later, the mother filed in the Probate Court a writing signed by her withdrawing and revoking her consent theretofore given. Still later, the probate judge entered an order overruling the withdrawal of consent and at the same time entered a decree granting the adoption. Held by the Court of Appeals:

Where a proceeding for adoption of a child is by petition under 8024 GC and the facts are such that the written consent of the mother is necessary, the Probate Court is without power to decree it unless the mother at the time of the decree consents in writing to such adoption. It appears that at the time of the entry of the order, the mother not only did not consent, but that she was actually objecting to the order of adoption. Her consent although given is revocable. The order of court was made without jurisdiction and was a nullity. Decree that the mother may have the custody and control of her child, as prayed for in the petition.

Attorneys—Walter Selegue, Akron, for Jean Scholder; C. G. Roetzel, Akron, for Charles Scholder et al.